## ACREBACK, Appellant, v. MYER.

### Division One, December 17, 1901.

**Homestead:** RECORD: DATE BEGINS TO RUN.   Property occupied as a homestead is subject to sale under execution for debts contracted before the deed of the homesteader thereto was recorded.   That the homesteader may have, previous to the contracting of the debt, occupied the premises, does not exempt them from sale if the deed was not filed for record.

Appeal from Ripley Circuit Court.—*Hon. Jno. G. Wear,* Judge.

REVERSED AND REMANDED.

*C. B. Butler* and *J. C. Sheppard* for appellant.

(1)   There is no evidence to support the finding.   The evidence fails to show the value of either the lot on which respondent lives, or the lot in question, or the area of either. In order to claim the property as exempt, it must appear that the value of the entire property claimed does not exceed the sum of fifteen hundred dollars, or five acres in area.   R. S. 1899, sec. 3616.   (2)   The court erred in giving instruction 4 for respondent, because the latter clause of said instruction requires the court to find that the property levied upon was exempt from execution "if respondent occupied and used the land in controversy as a part of his homestead under a deed executed prior to the creation of the debt," thus ignoring the

fact that homestead dates from the filing of the deed for record. R. S. 1899, sec. 6328; Shindler v. Givens, 63 Mo. 396. (3) The court erred in refusing appellant's second instruction. O'Shea v. Payne, 81 Mo. 516; Shindler v. Givens, supra.

*A. J. McCollum* for respondent.

ROBINSON, J.—This case comes here on an appeal from an order of the circuit court of Ripley county, sustaining a motion filed in said court by M. R. Myer, an execution defendant, to have set aside the sale of an undivided one-half interest in a town lot described as lot 24, block 6, in the New Addition to Doniphan in said county, made by the sheriff of said county, on an execution in favor of appellant (execution plaintiff and purchaser of the property sold). The reasons set out in the motion to have the sheriff's sale set aside, are "that said property is exempt from levy of execution,". and "that said defendant claims said property as his homestead." It is difficult to understand how the trial court, from the meager facts before it (yet the record before us purports to give in full all that transpired at the hearing, and consideration of the motion), could have arrived at any fair conclusion in the premises; but since the court has acted and sustained the execution defendant's motion to set aside the sheriff's sale of the lot in question, the propriety of its action in that regard will be considered as if there was testimony before the court tending to show the amount in area and the value of the lot in question, the amount in area and the value of the contiguous lot 23 and the buildings thereon which the execution defendant owned and upon which he with his family then and for a long time prior to the creation of the debt sought to be enforced by the execution in question, had resided, as well as all other necessary facts tending to show that lot 24

in question, was a part of the homestead; and that on behalf of the execution plaintiff, testimony tending to show a contrary state of facts was offered.

Though the record fails to disclose the time of filing of record, the deed under which the execution defendant claimed the property in question, as well as the other essential fact, the area and the value of the lot sold by the sheriff, or that of the contiguous lot thereto, upon which the execution defendant with his family was residing as a homestead, the declarations of law given by the court, as well as those the court refused to give at the request of the execution plaintiff, show the theory upon which the motion was tried and determined, and that the above facts were not deemed essential of consideration in that determination. For instance, at the request of the execution defendant, who filed the motion, the court gave the following declaration:

"The court declares the law to be, that if M. R. Myer purchased the land in controversy, and went into possession prior to the creation of the debt under which it was sold, and had not disposed of the same but was occupying it as a homestead, then he was the owner of the land at the time of the rendition of the judgment under which it was sold, and he had the right to hold it as such homestead exempt from execution.

"The court declares the law to be, in Missouri, that the recording of the deed whereby the land is acquired together with the visible occupancy and use of the premises as a homestead are all that the law requires, and if M. R. Myer, the defendant, occupied and used the land in controversy as part of his homestead under deed executed prior to the creation of the debt under which it was sold, it was to all intents and purposes a homestead and exempt from execution."

And the following declarations asked by the execution plaintiff were refused:

"The court further declares the law to be that if it finds

and believes from the evidence in this case, that the cause of action for which the judgment was rendered, under which said property was sold, was contracted before the date of the filing of the deed to the property for record, then said property is not the subject of a homestead and the finding must be for the defendant.

"The court declares the law to be that before it can sustain this motion setting aside the sale, it must find and believe from the evidence that the property described in the motion does not exceed the value of fifteen hundred dollars, and does not exceed five acres of ground."

The propositions of law asserted in each of the declarations, which the execution plaintiff herein tendered but which were denied by the court, were unquestionably correct, as each declaration asked by the execution defendant and given by the court, was unquestionably wrong.

The first declaration of law given in behalf of the execution defendant, makes his right to claim and hold the property as a homestead exempt from levy of execution, depend wholly upon the two facts, of when he purchased, and of when he went into the possession of the property, with reference to the time of the creation of the execution debt, thus entirely ignoring the consideration of the fact whether the deed thereto was ever recorded or not; while the second declaration given at defendant's instance, cures the error in the first only to the extent of asserting that in addition to the requirement that the property be acquired and used as a homestead, that the deed evidencing its acquisition must be recorded. In this declaration, however, no consideration is given to the time when defendant's deed to the property was recorded, and how that date was to be considered with reference to the date of the creation of the execution debt.

In view of the express statutory provision defining and regulating the rights of the homesteader in this State, it would seem that all confusion and doubt arising out of the consid-

eration of that question should have been forever put to rest.
After declaring of what the homestead shall consist, and desig-
nating the amount thereof to be claimed, and its value, it is
further expressly provided (section 3622, R. S. 1899): "Such
homestead shall be subject to attachment and levy of execution
upon all causes of action existing at the time of the acquiring
such homestead, except as herein otherwise provided; and for
this purpose such time shall be the date of the filing in the
proper office for the records of deeds, the deed of such home-
stead, where the party holds the title under a deed, but when
he holds title by descent or devise, from the time he becomes
invested with the title thereto."    Those statutes leave noth-
ing in confusion or doubt—nothing to conjecture or to inter-
pretation.    They are the plain and unmistakable declaration
of a right, and the equally clear and positive assertion of when
that right attaches.

No attempt at interpretation could make more certain
the meaning of the language used, or elucidate more fully the
purpose of the act.    Before one can avail himself of the ben-
efits of a homestead exemption to defeat the levy of an execu-
tion upon his property, he must be able to show not only that
the homestead had been acquired, but that the deed thereto
had been filed for record in the proper office of his county,
before the creation of the execution debt. It follows from what
is here said that the order of the circuit court sustaining exe-
cution defendant's motion, should be reversed and the cause
remanded for a new hearing in accordance with the view ex-
pressed herein, and it is so ordered.    All concur.